UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

THE CREDIT UNION LOAN SOURCE,
LLC,

    Plaintiff,

v.

ETHEL V. WOOD,

    Defendant.

Civil Action No. TDC-14-0937

## MEMORANDUM OPINION

This is a debt collection action that originated in the Circuit Court for Prince George's County, Maryland. Defendant Ethel V. Wood defaulted on an auto loan with Plaintiff The Credit Union Loan Source, LLC ("Credit Union"). Credit Union seeks the remaining balance. After the state court denied her motion to dismiss, Wood removed the case to this Court, arguing that Credit Union violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (2012), by failing to validate her debt. Presently pending before the Court are Credit Union's unopposed Motion to Dismiss and Remand, ECF No. 11, and Wood's Emergency Motion for an Injunction, ECF No. 8. The motions are ripe, and no hearing is necessary. *See* Local Rule. 105.6 (D. Md. 2014). Because Wood does not bring a cognizable federal claim, the case must be remanded. Therefore, the Court grants Credit Union's Motion to Dismiss and Remand, and denies as moot Wood's Emergency Motion for an Injunction.

## BACKGROUND[1]

On January 27, 2011, Wood entered into an auto loan agreement with Ivory Chevrolet in Union City, Georgia, for $40,956.98, which they evidenced with a promissory note (the "Note"). Ivory Chevrolet transferred the Note to Credit Union, a credit union service organization owned by several Georgia credit unions, and Wood defaulted on the loan. Wood alleges that, in September 2012, she asked Credit Union to validate her debt, but it never responded. On July 25, 2013, Samuel I. White, P.C. ("SIWPC"), a debt collection law firm, notified Wood that Credit Union had retained it to collect the $32,029.43 outstanding balance. Def.'s Emergency Mot. Inj. Ex. 1, at 1, ECF No. 8-2. In response, on September 6, 2013, Wood faxed SIWPC the same September 2012 validation request that she had previously sent to Credit Union. SIWPC replied to Wood the following week. It identified Ivory Chevrolet as the original lender, provided Wood a copy of the Note, and forwarded the request to Credit Union to address any remaining issues. Again, Credit Union never responded.[2]

On September 20, 2013, Credit Union initiated a debt collection action against Wood in Prince George's County Circuit Court for the $32,029.43 unpaid balance on her loan. On March 12, 2014, Wood filed a motion to dismiss, arguing that Credit Union failed to validate her debt despite multiple requests. Def.'s Mem. Supp. Mot. Dismiss at 3, ECF No. 4-1. The Prince George's County Circuit Court summarily denied that motion on March 20, 2014. See ECF No. 6. Six days later, Wood removed the action to this Court and filed an accompanying emergency

---

[1] In bringing this action before the Court, Wood completed a form complaint and marked "Removed from State Court" on the civil cover sheet. See ECF No. 1-1. There are thus two "complaints" in this case, including the original complaint that Credit Union filed in state court. See ECF Nos. 1, 2. Unless otherwise noted, the following facts are as alleged in both complaints.

[2] It appears that Wood also asked Credit Union to validate her debt in February 2013. See Def.'s Emergency Mot. Inj. Ex. 2, ECF No. 8-3. Apparently, Credit Union never responded to that request either. See Def.'s Emergency Mot. Inj. Ex. 4, ECF No. 8-5.

motion to halt the Prince George's County Circuit Court proceedings. *See* ECF No. 8. Credit Union now moves to remand the action to state court. *See* ECF No. 11. The Court addresses both motions below.

**DISCUSSION**

**I.    Legal Standards**

A defendant may remove a civil action from state court to federal court only if "the district courts of the United States have original jurisdiction" over it. 28 U.S.C. § 1441(a) (2012); *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). The removing party must prove that removal is appropriate. *See Lontz*, 413 F.3d at 439. Where, as here, diversity jurisdiction does not apply,[3] the removing party must therefore establish that "the face of the complaint raises a federal question," and that this Court has subject matter jurisdiction. *Id.* In that regard, "merely having a federal defense to a state law claim is insufficient to support removal, since it would also be insufficient for federal question jurisdiction in the first place." *Id.* Finally, because removal raises "significant federalism concerns," the Court's removal jurisdiction must be strictly construed, and any doubt must be resolved in favor of remanding the case to state court. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)) (internal quotation marks omitted).

To withstand a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal

---

[3] The Court does not have diversity jurisdiction because the amount in controversy is only $32,029.43. *See* 28 U.S.C. § 1332(a) (2012).

conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Motion to Dismiss and Remand

### A. The FDCPA Claim

Wood's sole basis for removal is an alleged FDCPA violation. The Court must, however, remand this case because Wood raises no cognizable issue under the FDCPA and therefore does not establish subject matter jurisdiction. The FDCPA protects consumers from "abusive debt collection practices" by prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §§ 1692(e), 1692e. Relevant here, the FDCPA allows consumers, after having received a debt collection notice, to dispute whether the debt is valid. § 1692g(b). Once a debt is disputed, the debt collector must cease the debt collection until it validates the debt by mailing the consumer a copy of the original debt instrument or judgment, or the name and address of the original creditor. *Id.* Congress included this validation requirement in the statute "to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Russell v. Absolute Collection Servs., Inc.*, No. 12-2357, 2014 WL 3973792, at *7 (4th Cir. Aug. 15, 2014) (citation and internal quotation marks omitted).

The FDCPA, and by extension, the validation requirement, only applies to a "debt collector," 15 U.S.C. §§ 1692b–1692g, 1692k(a), defined as any person who uses interstate commerce "or the mails in any business the principal purpose of which is the collection of any

debts," or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," § 1692a(6). With few exceptions, these requirements do not apply to a "creditor," see *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), whom the FDCPA defines as one "who offers or extends credit creating a debt or to whom a debt is owed," § 1692a(4) (noting that "creditor" does not include any person who receives "a debt in default solely for the purpose of facilitating collection of such debt for another").

Wood specifically claims that Credit Union violated the FDCPA when it failed to validate her debt. She alleges that Credit Union received her "notice and demand to validate the debt" at least twice – once in September 2012, when she sent the request directly to Credit Union, and again in September 2013, when SIWPC forwarded Credit Union another copy of the same request to "address any remaining issues." Def.'s Compl. at 2, ECF No 1. Credit Union never responded to either request. Credit Union argues that the FDCPA does not apply here because it is not a "debt collector." Credit Union is correct. Credit Union, as holder of the Note, was the entity to which Wood owed the debt, not a debt collector. As such, Credit Union was under no obligation under the FDCPA to validate the debt despite Wood's multiple attempts. *See Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 525 (D. Md. 2013) (discussing the creditor exception under the FDCPA). Accordingly, Wood's FDCPA cause of action must be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Because Wood raises no cognizable FDCPA issue, there remains no federal question for this Court to consider, and thus this Court lacks subject matter jurisdiction over this action. 28 U.S.C. §§ 1331, 1332. Removal was therefore inappropriate, and the case must be remanded. 28 U.S.C. § 1447(c).

### B.   The *Rooker-Feldman* Doctrine

Credit Union, relying on *Hunter v. U.S. Bank National Association*, 698 F. Supp. 2d 94 (D.D.C. 2010), also argues that the *Rooker-Feldman* doctrine bars this Court from hearing this action because, in Credit Union's estimation, this action is actually a collateral attack on the state court order denying Wood's motion to dismiss. Having concluded that removal was inappropriate because Wood fails to establish subject matter jurisdiction under the FDCPA, the Court will only briefly address Credit Union's argument.

The *Rooker-Feldman* doctrine bars federal courts from reviewing state court judgments. *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In other words, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Application of the *Rooker-Feldman* doctrine is limited to instances when the losing party in state court seeks in federal court "redress for an injury caused by the state-court decision itself," rather than when the losing party in state court "is attempting to litigate claims he either litigated or could have litigated before the state court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006).

Neither the *Rooker-Feldman* doctrine nor *Hunter* are applicable here. The plaintiff in *Hunter* specifically challenged the validity of a state court judgment allowing a foreclosure sale to proceed on the grounds that the state court judgment violated several of his constitutional rights. *Hunter*, 698 F. Supp. 2d at 97, 99–100. In asserting that the state court judgment, and not any of the opposing parties, caused his injury, the plaintiff in *Hunter* advanced the quintessential

claim that *Rooker-Feldman* bars. Here, Wood's claim focuses on Credit Union's alleged FDCPA violation, not a state court judgment. Even though she is seeking to prevent state court action from proceeding any further, she has not alleged that the state court's denial of her motion to dismiss, or any other state court ruling, has caused her any injury. As a result, the *Rooker-Feldman* doctrine does not apply.

### IV.     Motion for an Injunction

Wood's Emergency Motion for an Injunction is denied as moot. In her Motion filed on March 26, 2014, Wood asks this Court to "enjoin the Circuit Court of Maryland from trying my case," which she indicates "is scheduled to be heard . . . tomorrow." Def.'s Emergency Mot. Inj., ECF No. 8. She refers to the motion to dismiss that she filed in state court, notes that the state court order denying that motion is attached, and asks the Court "to tell the Circuit Court how to apply the FDCPA." *Id.* Because she immediately removed the proceeding to this Court, the trial she attempted to avoid never occurred. Accordingly, her motion is moot.

To the extent that Wood's Motion could be construed as seeking an injunction to prevent the state court from conducting a trial on this matter in the future, the motion is denied because, as discussed above, this Court lacks subject matter jurisdiction over this case as a result of Wood's failure to state a claim under the FDCPA, and the matter is to be remanded to state court. Accordingly, there is no basis for this Court to prevent the state court from now proceeding to trial. The Court, therefore, denies Wood's Emergency Motion for an Injunction.

## CONCLUSION

For the foregoing reasons, and as stated in a separate Order, Credit Union's Motion to Dismiss and Remand, ECF No. 11, is granted, and Wood's Emergency Motion for an Injunction, ECF No. 8, is denied. This case is remanded to the Prince George's County Circuit Court for further proceedings.

Date: September 19, 2014

THEODORE D. CHUANG
United States District Judge